No. 476
RUCH v. STATE

No. 18643. Docketed June 7, 1924, 2 Abs. 404
On motion to require Ashland Appeals to certify record.

333. CRIMINAL LAW AND PRACTICE—Contempt; perjury; indictment.

Herman G. Ruch sued his wife for divorce in the Ashland Common Pleas, Nov. 10, 1923, and upon that date the court issued an order enjoining Ruch from disposing of any of his property. Three days thereafter a copy of the petition and injunction were served upon Ruch and thereafter at the hearing the court orally awarded the wife a divorce and gave her a certain amount of personal property owned by the parties.

Following the hearing in the divorce case, and on Jan. 10, 1924, a rule for contempt against Ruch was issued by the clerk of Common Pleas at the instance of attorney, without authorization by the court. This rule was served upon Ruch, who appeared on Jan. 12, 1924, and was called for cross-examination, and while testifying made certain statements relative to some household furniture which he had sold. Following the alleged contempt proceeding, Ruch was indicted for perjury in his testimony therein. Ruch then interposed

a plea in abatement, a motion to quash and demurrer, all of which were overruled. Ruch entered a plea of "not guilty" but upon a jury trial was found guilty. He filed a motion for a new trial which was overruled, and sentence imposed upon him to be imprisoned in the Ohio State Penitentiary. where he has been, and is now confined.

Subsequent to the overruling of his motion for a new trial Ruch prosecuted error to the Ashland Court of Appeals, which court affirmed the judgment of the Common Pleas. Both of these judgments Ruch now seeks to have reversed by the Supreme Court.

Among other things, Ruch complained that the indictment against him does not comply with 13471 GC., as the words "a true bill" are printed on the indictment and not endorsed on the same by the foreman of the Grand Jury.

Ruch also raises the question that the indictment does not conclude with the words "against the peace and dignity of the State of Ohio." This language appears upon the indictment, but Ruch claims that by reason of its position, and because there is no punctuation or any connection between such language and the body of indictment, it does not appear that the language is the conclusion of the indictment.

It is also claimed that the indictment fails to allege that the claimed perjured statements were made within the State of Ohio or that the defendant was sworn as a witness or that the alleged statements were made by Ruch on oath.

Many questions of the admissibility of evidence were raised in the case, and Ruch also contended that the alleged contempt, if there was one, was not committed under such circumstances as to be visible or audible to the judge, or comprehensible to the judicial mind and no punishment could be made for the same, and as 12138 GC. was not followed, the court was without jurisdiction.

The contention is also made that the trial court erred in its charge to the jury concerning the assigned statements of perjury.

Attorneys—Walter East, Akron, for Ruch; J. F. Henderson. Pros. Atty., Ashland, and C. C. Crabbe, Atty. Gen., Columbus, for State.